UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHAWA S. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00348-JMS-MJD |
| | ) | |
| DASHAUN ZATECKY, | ) | |
| CORIZON HEALTH, | ) | |
| ARAMARK FOODS, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Joshawa S. Collins filed this civil action utilizing the Court's *pro se* prisoner complaint form. He alleges that he was denied proper medical care and nutrition while incarcerated at the Putnamville Correctional Facility. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). "In reviewing federal complaints, courts must analyze a plaintiff's claims, not his legal theories." *Newson v. Superior Ct. of Pima Cty.*, 784 F. App'x 964, 965 (7th Cir. 2019) (*citing Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012)). To state a claim, a plaintiff need only narrate his claim with sufficient clarity to put the defendants on notice of its basis; he need not present legal theories at all. *See Chapman v. Yellow Cab Coop.,* 875 F.3d 846, 848 (7th Cir. 2017).

## II. The Complaint

Mr. Collins names three defendants: Warden Zatecky, Corizon Health, and Aramark Foods. He alleges that Warden Zatecky "is responsible for every action that takes place in his facility," that "Corizon Health let him sit in pain and suffer for almost a year before testing [his] levels to find out they were low" and "then started [him] on B-12 shots in 2021-22," and that "Aramark Foods did not feed [him] foods with B-12 in it and refused to give [him] a special diet in 2021-22." Dkt. 1 at 7-8. He seeks monetary and injunctive relief. Mr. Collins reports that he is suing under both state and federal law. *Id.* at 6.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed** for failure to state a claim upon which relief may be granted.

First, any claims against Warden Zatecky are **dismissed for failure to state a claim upon which relief can be granted**. Any federal constitutional claim brought against Warden Zatecky is

necessarily brought pursuant to 42 U.S.C. § 1983.[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Mr. Collins' complaint makes no allegations against Warden Zatecky besides that he "is responsible for every action that takes place in his facility." Dkt. 1 at 7. "For constitutional violations under § 1983..., a government official is only liable for his or her own misconduct." *Locke v. Haessig,* 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). That is, "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failure to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper,* 910 F.3d 1027, 1029 (7th Cir. 2018). Because there is no allegation of misconduct on the part of Warden Zatecky, the claims against him are dismissed.

Second, any federal claims against Corizon Health and Aramark Foods are **dismissed for failure to state a claim upon which relief can be granted**. The Court construes Mr. Collins' complaint to include Section 1983 claims against Corizon Health and Aramark Foods, as well. Because they both act under color of state law by contracting to perform a government function, they are treated as government entities for purposes of Section 1983 claims. *See Jackson v. Illinois MediCar, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). Thus, to state a cognizable *Monell* claim against either of these entities, Mr. Collins must allege that he suffered a constitutional deprivation

---

[1] The complaint purports to bring Mr. Collins's federal claims pursuant to 28 U.S.C. § 1331. "But § 1331 itself does not allow the court to hear his case; the complaint must also 'point to an underlying source of federal law' under which the claim arises. *Okere v. United States*, 983 F.3d 900, 902–03 (7th Cir. 2020). Here, the underlying source is § 1983." *Young v. City of Bloomington, Illinois*, No. 23-1334, 2023 WL 8074288, at *1 (7th Cir. Nov. 21, 2023).

as the result of an express policy or custom. *Glisson v. Ind. Dep't of Corr.,* 849 F.3d 372, 379 (7th Cir. 2017). His complaint contains no such allegations.

Third, the state law claims are dismissed for lack of jurisdiction. Because the federal claims fail to state a claim upon which relief may be granted, Mr. Collins may not rely on the court's supplemental jurisdiction to entertain his state law claims. *See* 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754, 757-58 (7th Cir. 2006). In addition, there are no allegations which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. *See Denlinger v. Brown,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). In the absence of jurisdiction to decide the state law claims, those claims must be dismissed.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to **dismissal**.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through January 5, 2024, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 2:23-cv-00348-JMS-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 12/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHAWA S. COLLINS
VIGO COUNTY JAIL
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802